Filed 6/3/13  In re S.D. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>S.D.,<br><br>    Defendant and Appellant. | F066094<br><br>(Super. Ct. No. JW123937-03)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Peter A. Warmerdam, Referee.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Peter H. Smith and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J., and Peña, J.

The court found that appellant, S.D., was a person described in Welfare and Institutions Code section 602 after appellant admitted allegations charging him with possession of a dirk or dagger (Pen. Code, § 12020, subd. (a)(4)).

On appeal, appellant contends that one of his conditions of probation is constitutionally overbroad. We will find merit to this contention and modify the condition at issue. In all other respects, we affirm.

## FACTS

On May 25, 2011, during an investigation by Los Angeles police officers, appellant was found to be in possession of a dart that had been sharpened and its fins removed so it could be held as a knife. Appellant was on probation in a Kern County case at the time.

On July 26, 2011, the district attorney filed a petition charging appellant with possession of a dirk or dagger.

On August 7, 2012, the court held an adjudication hearing during which it also heard appellant's motion to suppress. At the conclusion of the hearing, the court denied appellant's motion to suppress, sustained the possession of a dirk or dagger charge, and transferred the case to the Kern County Superior Court.

On August 16, 2012, the Kern County Superior Court accepted the transfer.

On August 27, 2012, the court found appellant's offense to be a felony and it placed appellant on probation not to exceed his 21st birthday.

## DISCUSSION

One of appellant's conditions of probation provided that "[The minor is] not to possess or use a weapon of any type, nor associate or initiate contact with anyone that he knows to be involved with or in possession of the same."

Appellant contends that this condition is constitutionally overbroad because almost anything can be a dangerous weapon and it prohibits him from interacting with

2

people who can lawfully possess weapons such as police officers and his probation officer. Respondent concedes and we agree.

"The juvenile court has wide discretion to select appropriate conditions and may impose '"any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"' [Citations.] In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court, we have advised that, '[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment ...." [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.... [¶] ... [N]o choice is given to the youthful offender [to accept probation]. By contrast, an adult offender "has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed." [Citations.]' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889-890.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Id.* at p. 890.)

The condition at issue is overbroad for the reasons advanced by appellant. Accordingly, we will modify the condition as suggested by respondent to state as follows: "The minor shall not knowingly possess any object that he knows is a dangerous and deadly weapon, any object that he knows can be used to cause bodily injury or death where he intends such harm, or any type of ammunition. The minor shall not associate or initiate contact with anyone the minor knows to unlawfully possess any object that is a dangerous and deadly weapon or any object that appellant knows can be used to cause bodily injury or death where appellant knows the possessor intends such harm."

## **DISPOSITION**

The probation condition at issue is modified to reads as set forth above. Except to the extent of this modification to the conditions of probation imposed upon appellant, the judgment is affirmed.